[Civ. No. 24790. First. Dist., Div. Three. Sept. 16, 1968.]

FRANCIS J. SWEENEY et al., Plaintiffs and Respondents, v. CHARLES W. STONE et al., Defendants and Appellants.

---

Moran, Lawlor & Rhea and Eugene K. Lawlor for Defendants and Appellants.

Malott, Pedder & Walker and Stanley Pedder for Plaintiffs and Respondents.

SALSMAN, J.—Respondents Francis J. Sweeney and Mary K. Sweeney brought this action against appellants Charles W. Stone and Isabel Stone seeking damages based upon theories of negligence, express warranty, implied warranty and fraud. Respondents also sought rescission of a contract for the sale of real property wherein the Stones were sellers and the Sweeneys were buyers of a certain house and lot in Contra Costa County. The trial court entered judgment for respondents in the sum of $3,600 on grounds of negligence. We affirm the judgment against Charles W. Stone, but reverse the judgment against Isabel Stone.

Charles W. Stone and Isabel Stone are husband and wife. They purchased 26 lots in a subdivision in Contra Costa County and employed Leonard E. Whitlock, a general contractor, to build a house on the lot at 3100 Del Oceana Drive. Appellants made no soil tests to determine the stability of the soil on the lot before constructing the house, although there was evidence of common knowledge that unstable soil is prevalent in the area. The lot upon which the house is built is about one-half acre in size, and is narrower at the front than at the back. The rear portion of the lot borders a drainage easement along a natural creek, and pitches steeply approximately 10 feet from the surface of the lot to the creek bed. When completed, the home at one place was 16 feet from the creek bank.

Appellants sold the house to respondents in August 1964. In November and December, 1964, after the rainy season had commenced, a portion of the creek bank nearest the house began to slide. By the third week in December a section of the bank 45 feet long and 5 feet wide had eroded away. Sweeney did what he could to prevent further damage and loss of his lot. He connected pipes to the downspouts of the house and carried the roof drainage out beyond the creek bank. The following year he repaired the bank at a cost of $1,500. He constructed a gutter along the top of the bank and ultimately covered the ground between the house and the bank with concrete. Paul Swafford, a civil engineer, called as an expert witness, testified that in his opinion these measures would only slightly increase the bank's resistance to further sliding. He also said in substance that the soil where the house was built was somewhat typical of soil commonly found in Contra Costa County; that such soil was very unstable and when wet flowed like sugar. He further stated that the slide which resulted in the loss of a part of the lot was caused by a concentration of water in the area of the slide, which in turn was caused by the final grading work done by appellants' contractor.

 Appellants first contend that, as sellers of real property, they are not liable to the buyers for defects in the real property sold. They cite and rely upon *Copfer* v. *Golden*, 135 Cal.App.2d 623, 630 [288 P.2d 90], and sections 351, 352 and 353 of the Restatement of Torts. But appellants' liability here is that of a contractor who has built a house on unstable ground and who has later sold the house to an innocent third party who has sustained damage because of the defective con-

dition of the property. The nature of this liability is illustrated by cases such as *Stewart* v. *Cox,* 55 Cal.2d 857 [13 Cal.Rptr. 521, 362 P.2d 345]; *Sabella* v. *Wisler,* 59 Cal.2d 21 [27 Cal.Rptr. 689, 377 P.2d 889] and *Conolley* v. *Bull,* 258 Cal.App.2d 183 [65 Cal.Rptr. 689], and is most commonly found in cases where a seller or contractor has built a house on filled ground which later settles with resulting damage to the property. Here, of course, there have been no damages to the physical structure which appellants built upon the land, but their activity upon the land, particularly the work of grading the lot, has caused loss and damage to the real property itself, for which they may be liable under the rule of such cases as *Stewart* v. *Cox, supra,* 55 Cal.2d 857, *Sabella* v. *Wisler, supra,* 59 Cal.2d 21, and *Conolley* v. *Bull, supra,* 258 Cal.App.2d 183.

Appellants next argue there is no evidence of any negligent conduct on their part whatsoever, and hence the judgment, which is based upon a finding of negligence must be reversed. Here we look only for substantial evidence to support the judgment, guided by familiar rules. (*Crawford* v. *Southern Pac. Co.,* 3 Cal.2d 427, 429 [45 P.2d 183].) The record discloses ample evidence of negligence. Thus it is inferable from the testimony of Swafford that the unstable condition of the soil in many areas of Contra Costa County was known to knowledgeable people in the construction business. Appellants' contractor Whitlock testified that a special, stronger type of foundation is required by the soil prevalent in the county. This knowledge must be imputed to appellants, and it is not too much to say that a prudent contractor, having this knowledge, would investigate the slide potential of a lot having a 10-foot 45-degree bank composed of such soil, especially when the home to be constructed was to extend to within 16 feet of the edge of the bank. Moreover, there is evidence, found in Swafford's testimony, that the finish grading of the lot tended to concentrate water in the area where the slide occurred. This evidence fully supports the trial judge's finding of negligent conduct on the part of appellants.

Appellants also argue that they relied upon various reports of soil conditions apparently made by the original subdivider to the F.H.A. and the County of Contra Costa when the subdivision map was filed. They contend, in effect, that acceptance of the subdivision map and approval of the subdivision shows full compliance with the law, and that they were justified in reliance upon these facts, and hence, were not negli-

gent as a matter of law. But as the trial judge noted, none of the reports or proceedings relating to approval of the subdivision map were before the court, and it was therefore impossible to tell if such reports had anything to do with the issues presented. Obviously, we have no more before us than the record before the trial court.

We see no merit in appellants' argument that respondents were guilty of contributory negligence. It is true that respondents took steps to drain the water from the lot into the creek, and in doing so ran drain pipes from the house to a point beyond the edge of the bank. It is arguable that the discharge of this water at the foot of the bank tended to contribute to the erosion of the lot, but it does not establish contributory negligence as a matter of law, and although the trial court might have found negligence on these facts, such a finding was by no means compelled.

The principle of assumption of the risk is also urged as a reason for denying recovery to respondents. But there is no evidence that respondents knew of any danger to the property at the time they purchased the house and lot. ▮ To raise the doctrine of assumption of risk, the one against whom it is to be applied must have knowledge of the particular danger involved and must also understand the magnitude of the risk in question. (*Vierra* v. *Fifth Ave. Rental Service,* 60 Cal.2d 266, 271-274 [32 Cal.Rptr. 193, 383 P.2d 777].) ▮ These essential elements may not be attributed to respondents on the facts of this case.

▮ The trial court entered judgment against Isabel Stone, wife of appellant Charles Stone. The record, however, discloses no activity on her part other than the execution of the deed which conveyed the property to respondents ▮ The general rule is that a wife is not liable for her husband's torts merely because land in which she has an interest is involved. (*Connor* v. *Grosso,* 41 Cal.2d 229, 230 [259 P.2d 435]; *Daly* v. *Smith,* 220 Cal.App.2d 592, 604 [33 Cal.Rptr. 920]; *Goldman* v. *House,* 93 Cal.App.2d 572, 576-577 [209 P.2d 639]; 27 Am.Jur., Husband and Wife, § 487, p. 85; Annot. 12 A.L.R. 1459, 1463.) Accordingly, we reverse the judgment against Isabel Stone.

The judgment against Isabel Stone is reversed. In all other respects the judgment is affirmed. The respondents shall receive their costs against appellant Charles W. Stone.

Draper, P. J., and Brown (H. C.), J., concurred.